**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-04-40054 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| RONALD LAMAR BAKER, | |
| Defendant. | |

Before the Court is Ronald Lamar Baker's petition for return of property seized by the Federal Bureau of Investigation and Department of Justice [Docket No. 38]. This petition was originally filed on February 22, 2007, and was assigned to the Honorable Claudia Wilken under case number 07-1080. On November 9, 2007, that case was terminated and the petition reassigned to this Court. The seizure of property is related to the criminal case against Ronald Baker, Case Number CR 04-40054 SBA. On June 21, 2005, Baker pled guilty for federal drug charges and on September 27, 2005, was sentenced to 120 months in federal prison.

**BACKGROUND**

According to Baker, the Federal Bureau of Investigation (FBI) seized $112,151.00 in cash from him on the day of his arrest. He alleges that the FBI violated his due process rights when it "served there [sic] notice of forfeiture some 16 months after the seizure," in "clear violation of the Title 18 U.S.C. 983 and 21 U.S.C. 881 notice requirement of 60 days."

**DISCUSSION**

**1.   Jurisdiction**

A district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. *See United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987); *see, e.g.*, *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975).

Such motions are treated as civil equitable proceedings even if styled as being pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *Richey*, 515 F.2d at 1245. In ruling on the motion, the court must take into account all equitable considerations. *Martinson*, 809 F.2d at 1366-67. This Court may have jurisdiction that has been timely asserted to order a return of Baker's property.

**2.   Motion to Amend**

On July 16, 2007, Baker filed a motion entitled "Motion to Strike Prior Petition for the Return of Seized Property and File Amended Motion for the Return of Seized Property F.R.C.P. 41(g)" (Case Number 07-1080, docket no. 7). The Court construes this motion as a motion to amend his civil action for the return of property.

Because the United States of America has not yet been served or answered, Baker may amend his complaint as a matter of right. *See* FED. R. CIV. P. 15(a). Therefore, the Court GRANTS the motion to amend. Moreover, the Court will consider this amended motion as Baker's live pleading.

**3.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**4.   Analysis**

Because Rule 41(g) is a "crystallization of a principle of equity jurisdiction," equitable principles apply. *See In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988). In exercising equitable jurisdiction, "caution and restraint" is required. *Ramsden v. United States*, 2 F.3d 322, 323 (9th Cir. 1993). In *Ramsden*, the Ninth Circuit approved the four factors considered by the Fifth Circuit in determining when the balance of equities favors exercise of equitable jurisdiction. *See id.* 324-26. The factors are

2

1  (1) whether the government displayed a callous disregard for Plaintiff's rights; (2) whether Plaintiff has
2  an "individual interest in" and need for the property; (3) whether Plaintiff would be irreparably injured
3  by continued deprivation of the property; and (4) whether Plaintiff has an adequate remedy at law. *See*
4  *id.* at 325.

5        Baker has alleged a colorable claim that his property was seized and held in violation of his due
6  process rights. Baker claims that the FBI seized $112,151.00 in cash from the car he was driving when
7  he was arrested on June 4, 2004. He maintains that he did not receive a notice of forfeiture from the
8  government until October 10, 2006, some sixteen months later, and more than sixty days required by
9  18 U.S.C. § 983(a)(1)(A)(i).[1] He therefore contends the forfeiture is not lawful, and that his property
10 must be returned. Accordingly, service will be ordered.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

15 1. Baker's motion to amend his civil action for the return of property (Case Number 07-1080,
16     docket no. 7) is GRANTED.

17 2. The Clerk of the Court shall mail to the United States Attorney for the Northern District of
18     California: a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of
19     the Waiver of Service of Summons, a copy of the petition (docket no. 38), a copy of amended
20     petition (Case Number 07-1080, docket no. 7), and a copy of this order. The Clerk of Court
21     shall also mail these copies to the Attorney General of the United States in Washington, D.C.
22     Additionally, the Clerk shall mail a copy of this order to the defendant.

23 3. The United States of America shall answer the complaint in accordance with the Federal Rules

---

[1] Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.  No later than <u>thirty (30) days</u> from the date the plaintiff's answer is due, plaintiff shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If plaintiff is of the opinion that this case cannot be resolved by summary judgment, plaintiff shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Baker.

b. Baker's opposition to the dispositive motion shall be filed with the Court and served on the plaintiff no later than <u>sixty (60) days</u> after the date on which the United States of America's motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* petitioners facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Baker is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

4

        forward with evidence showing triable issues of material fact on every essential element of his claim).  Baker is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to respondent's dispositive motion.  Baker will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.    If the United States of America wishes to file a reply brief, it shall do so no later than <u>fourteen (14) days</u> after the date Baker's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the United States of America to depose Baker and any other necessary witnesses confined in prison.

5.    All communications by Baker with the Court must be served on respondent by mailing a true copy of the document to the plaintiff's counsel.

6.    It is Baker's responsibility to prosecute this case.  Baker must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7.    Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>seven (7) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

December 3, 2007                             *Saundra B Armstrong*
                                            Saundra Brown Armstrong
                                            United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28