# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr 04-40054 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 42] |
| RONALD LAMAR BAKER, | |
| Defendant. | |

Before the Court is Ronald Lamar Baker's Motion for the Return of Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g)[1] (the "Motion") [Docket No. 42]. For the following reasons, the Court GRANTS in part and DENIES in part the Motion.

On March 11, 2004, Baker was indicted by a federal grand jury for the Northern District of California on two counts of possession with the intent to distribute and distribution of fifty or more grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). Docket No. 43 at 1:20-22 ("Resp. to the Motion ("Response")"). The indictment was filed under seal, and an arrest warrant issued the next day. *Id.* at 1:23-25. On June 4, 2004, federal, state and local law enforcement officials arrested Baker. *Id.* at 1:26-2:2. They found $112,151 in the trunk of car he had been driving. *Id.* at 26:2-5. State agents seized the money, and turned it over to the DEA, who turned it over to the FBI. *Id.* at 26:8-9.

On June 21, 2005, Baker pled guilty to both counts of the indictment and on September 27, 2005, received 120 months imprisonment. *Id.* at 26:10-12. The government and Baker's counsel

///

---

[1] Federal Rule of Criminal Procedure 41(g) provides:
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

1  then negotiated how to dispose of the seized currency. *Id.* at 26:13-14.  Baker agreed to forfeit

2  $82,151 as drug proceeds, and the government agreed to return $30,000.  *Id.* at 26:16-18.

3         Baker's Consent to Forfeiture (the "Consent") expressly stated, in part, that (a) Baker waived

4  his right to notice to potential claimants under 18 U.S.C. § 983(a)(1);[2] (b) "that all right, title and

5  interest in the $82,151 shall be forfeited to the" government; and (c) he shall hold harmless the

6  government and all its agents or any person for any acts "directly or indirectly related to the seizure,

7  detention and forfeiture of the subject funds and waives all constitutional, legal and equitable claims

8  arising from the forfeiture of the subject funds in any proceeding."  Docket No. 45, Ex. "3" at 4 ¶¶ 4,

9  5, 7.

10        On August 18, 2006, Baker submitted the Consent to the FBI.  Resp. at 2:19-20.  The FBI

11 published notice of the impending forfeiture, and sent Baker a boilerplate notice advising he had

12 until November 9, 2006 to contest the forfeiture.  *Id.* at 2:20-23; Document No. 45, Ex. "1" at 5-6.

13 Baker timely contested on October 26, 2006.[3]  *Id.* at 2:24-25.  Due to a clerical error, his claim was

14 not forwarded to the United States Attorneys' Office so it could file a civil forfeiture complaint,

15 within 90 days, as mandated by 18 U.S.C. § 983(a)(3)(B).[4]

16        On April 7, 2007, the government returned the $30,000.  Docket No. 45, Ex. "3" at 1-3.  On

17 November 9, 2007, Baker filed a motion requesting the return of the entire $112,151 on the grounds

18 he did not receive timely notice under 18 U.S.C. § 983(a)(1).  *See* Docket No. 38.  This same day,

---

[2]     Section 983(a)(1)(A)(i) provides, in part:
> [I]n any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

[3]     "Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure."  18 U.S.C. § 983(a)(2)(A).

[4]     "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture ...."  18 U.S.C. § 983(a)(3)(A).  If the government fails to do this, then subject to exceptions inapplicable here, it must release the seized property "and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."  18 U.S.C. § 983(a)(3)(B).

however, he filed a motion to amend this motion. *See* Docket No. 41. The Court granted his motion to amend. *See* Docket Nos. 39-40.

On January 10, 2008, Baker filed the Motion, requesting the return of $112,151, claiming he did not receive notice of the government's seizure until 16 months post-seizure, in violation of 18 U.S.C. § 983(a)(1). *See* Mot. at 3-4. On January 18, 2008, the government filed its Response indicating it had returned $30,000, and conceding it had failed to file a complaint for forfeiture within 90 days of receiving Baker's claim, as mandated by 18 U.S.C. § 983(a)(3)(A). Resp. at 3:13-25. It further concedes as a result of this lapse, it is barred from pursing any civil forfeiture action, under 18 U.S.C. § 983(a)(3)(B).[5] *Id.* at 3:25-4:1. As such, the government concludes the "$82,151 must be returned to Baker." *Id.* at 4:1. On March 17, 2008, Baker filed a letter with the Court indicating he agrees he is only entitled to $82,151. *See* Docket No. 47. The parties agree that, absent a court order otherwise, the money should be deposited into Baker's account at the Terminal Island Correctional Institution where he is currently being confined. *See* Resp. at 4 n.3 & 47.

Accordingly, Baker's Motion for the Return of Seized Property [Docket No. 42] is GRANTED in part and DENIED in part. It is ORDERED that the government shall return $82,151 to Ronald Lamar Baker.

IT IS SO ORDERED.

May 8, 2008

                                                 Saundra B Armstrong
Saundra Brown Armstrong
United States District Judge

---

[5] It appears under the Consent, Baker may have forfeited all right, title, and interest in the $82,151, and thus, his right to file the Motion. However, the Court does not reach this issue, because the government has taken the position the $82,151 "must be returned to Baker."

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

v.

BAKER et al,

        Defendant.

Case Number: CR04-40054 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

RONALD LAMAR BAKER 93511-011
FCI SAN PEDRO
1299 SEASIDE AVENUE
SAN PEDRO, CA 90731

Dated: May 9, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

4